UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RODRICK MATHENY,

　　Plaintiff,

　　v.

UNUMPROVIDENT CORPORATION, *et al.*,

　　Defendants,

AND CONSOLIDATED ACTION.

NO. CV-06-365-RHW

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT,** *INTER ALIA*

Before the Court are Plaintiff's Motion for Summary Judgment Against Defendant UNUM Life Insurance Company of America for Breach of Insurance Contract (Ct. Rec. 34), Plaintiff's Motion for Summary Judgment Against Defendant U.S. Bank, N.A., d/b/a U.S. Bank Home Mortgage for Breach of Insurance Contract (Ct. Rec. 36), Defendants UnumProvident Corporation and Direct Response Insurance Administrative Services, Inc.'s Joint Motion for Summary Judgment (Ct. Rec. 42), and various motions *in limine* and objections to exhibits and deposition testimony (Ct. Recs. 77, 80, 82, 83, 84, 85, 87, 91). A hearing was held on August 28, 2008. Robert Greer appeared on behalf of Plaintiff Rodrick Matheny; Charles Huber appeared on behalf of Defendants UnumProvident Corporation, UNUM Life Insurance Company of America, and Direct Response Insurance Administrative Services, Inc.; and Scott Smith appeared on behalf of Defendant U.S. Bank N.A. The Court made several preliminary oral rulings at the hearing, and this Order memorializes those findings.

　　This case arose out of the accidental death of Keith Matheny, which

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA* \* 1

occurred on January 10, 2004. Plaintiff is Keith Matheny's son, and he seeks accidental death benefits. Plaintiff filed suit against Defendants, UnumProvident Corporation and UNUM Life Insurance Company of America (together "Unum"), U.S. Bank N.A., and Direct Response Insurance Administrative Service, Inc. ("DRIASI"), seeking damages under an Accidental Death and Dismemberment policy in the form of declaratory relief and payment of the $250,000 policy benefit along with attorney's fees and costs, and also alleging additional causes of action for breach of insurance contract, negligence, breach of contract to pay premiums, violations of the Consumer Protection Act, RCW § 19.96, bad faith, misrepresentation, promissory estoppel, and for a declaratory judgment.

**I.     Standard of Review**

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to (2) any material fact and that (3) the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "material fact" is determined by the substantive law regarding the legal elements of a claim. *Id.* at 248. If a fact will affect the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth, then it is material. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby,* 477 U.S. at 248.

When, as here, the parties file cross-motions for summary judgment, their simultaneous arguments that there are no issues of material fact does not establish that a trial is unnecessary. Charles Alan Wright *et al.*, 10A *Federal Practice &*

*Procedure: Civil* § 2720 (3d ed. 1998). "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Id.*; *see also Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (stating that "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits'").

**II.    Analysis**

At the hearing and during the parties' presentations of argument, both Plaintiff and counsel for Unum and DRIASI asserted there were genuine issues of material fact regarding whether Unum and DRIASI waived or are estopped from enforcing a condition precedent to the insurance coverage at issue. Therefore, the Court finds summary judgment is not appropriate for either Plaintiff or Unum and DRIASI as against the other. Additionally, the Court finds there are genuine issues of material fact as to Defendant U.S. Bank's responsibilities and role in regards to the insurance policy and billing, so the Court also denies Plaintiff's motion for summary judgment against U.S. Bank.

Also before the Court were the parties' various motions *in limine* and objections to exhibits and depositions. For the reasons stated at the hearing, the Court reserves these motions and objections to be ruled on in the context of trial.

Plaintiff also filed a Motion for Order Compelling Discovery (Ct. Rec. 97). Plaintiff asks for an Order compelling Defendant Unum to produce certain documents initially requested in its Requests for Production. At the hearing, the Court directed defense counsel to obtain the documents requested from his client and to file them with the Court for *in camera* review, along with a declaration and privilege log and any other necessary materials that explain Defendant's objections to the RFP. The Court also directed defense counsel to give the privilege log to Plaintiff's counsel so he could meaningfully respond to it. The Court directed counsel to file this by Friday, September 5, 2008.

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA* \* 3

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment Against Defendant UNUM Life Insurance Company of America for Breach of Insurance Contract (Ct. Rec. 34) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment Against Defendant U.S. Bank, N.A., d/b/a U.S. Bank Home Mortgage for Breach of Insurance Contract (Ct. Rec. 36) is **DENIED**.

3. Defendants UnumProvident Corporation and Direct Response Insurance Administrative Services, Inc.'s Joint Motion for Summary Judgment (Ct. Rec. 42) is **DENIED**.

4. The parties' motions *in limine* and objections to exhibits and deposition testimony (Ct. Recs. 77, 80, 82, 83, 84, 85, 87, 91) are **RESERVED** to be ruled on in the context of trial.

5. Defendant Unum is **directed** to file the documents requested in relation to Plaintiff's Motion for Order Compelling Discovery (Ct. Rec. 97) on or before **September 5, 2008**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this 28th day of August, 2008.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Matheny\SJ.ord.wpd

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA* * 4